**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
JOHN FLEMING,                        :
                                     :    Civil Action No. 05-4709 (RBK)
            Plaintiff,               :
                                     :
       v.                            :         O P I N I O N
                                     :
MARK WESTFALL, et al.,               :
                                     :
            Defendants.              :
```

**APPEARANCES:**

    JOHN FLEMING, Plaintiff pro se
    # 267325A
    Mid-State Correctional Facility
    P.O. Box 866
    Wrightstown, New Jersey  08562

**KUGLER**, District Judge

    This matter comes before the Court upon pro se Plaintiff, John Fleming's ("Fleming") motion for reconsideration of this Court's October 6, 2005 Order dismissing the Complaint, filed on September 27, 2005, as duplicative of plaintiff's earlier actions, <u>Fleming v. Westfall, et al.</u>, Civil No. 05-2320 (FLW) and <u>Fleming v. Westfall, et al.</u>, Civil No. 05-4130 (FLW).  Fleming filed his motion for reconsideration on November 10, 2005, more than 30 days after this Court entered its Order of Dismissal.

    This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion for reconsideration is denied.

I.  BACKGROUND

On or about September 27, 2005, Fleming filed the civil complaint at issue, alleging claims against Mark Westfall and Robert Bernardi for violation of his civil rights under 42 U.S.C. § 1983, the Citizen'S Protection Act of 1998, and 28 U.S.C. § 530B.  Having carefully reviewed the Complaint, this Court determined that the Complaint alleged substantially identical claims against the very same defendants as alleged in earlier complaints filed by Fleming, in particular, Fleming v. Westfall, et al., Civil No. 05-2320 (FLW) and Fleming v. Westfall, et al., Civil No. 05-4130 (FLW).  The first action was filed on May 2, 2005 and was dismissed by the district court, on May 10, 2005, for failure to state a cognizable claim.  It does not appear that Fleming appealed from the final judgment.  The second action was filed on August 19, 2005, and was deemed withdrawn by Order entered on October 28, 2005.[1]

Now, in his motion for reconsideration, Fleming does not attempt to explain how this action is different from his earlier filed action in Civil No. 05-2320 (FLW).  Nor does he refer to the earlier action or the fact the an identical Complaint was dismissed for failure to state a claim.

---

[1]  Fleming failed to prepay the filing fee or submit a complete in forma pauperis application as directed by the district court's Order dated September 12, 2005.

## II.  ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original

hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc., 935 F. Supp. at 516 ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Fleming's motion fails to show that this Court "overlooked" any dispositive factual matters or controlling decisions of law.  The claims in Fleming's Complaint and in his motion for reconsideration originate from the same facts that gave rise to a previously dismissed action.  In that earlier action, substantially identical to the Complaint in this action,

the district court already examined Fleming's claims and found that plaintiff failed to state a cognizable claim upon which any relief could be granted.  Rather than appeal from that decision, plaintiff chose instead to file a duplicative action.  Therefore, this Court finds no grounds for granting reconsideration where Fleming has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.

Alternatively, the motion for reconsideration may be denied on procedural grounds because it was not timely filed.  In this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  Lite, N.J. Federal Practice Rules, Comment 6 to L.Civ.R. 7.1(g)(Gann 2002 ed.).  Fleming filed this motion on November 10, 2005, more than 30 days after entry of this Court's Order of dismissal, dated October 6, 2005.

### III. CONCLUSION

For the reasons expressed above, Fleming's motion for reconsideration will be denied.

S/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge

Dated: January 25, 2006